## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1. | LEONA PAYNE, | ) |
| | | ) |
| 2. | DARRELL PAYNE, | ) |
| | | ) |
| | Plaintiffs, | ) |
| | | ) |
| v. | | ) Case No. CIV-15- 1061-R |
| | | ) |
| 1. | WS SERVICES, LLC, | ) |
| | | ) |
| | Defendant. | ) |

## COMPLAINT

**COME NOW THE PLAINTIFFS** and hereby plead their claims as follows:

## PARTIES

1.   The Plaintiffs are:

 a.    Leona Payne, an adult resident of Lincoln County, Oklahoma; and

 b.    Darrell Payne, an adult resident of Lincoln County, Oklahoma.

2.   The Defendant is WS Services, LLC, a domestic limited liability company, doing business in Payne County, Oklahoma.

## JURISDICTION AND VENUE

3.   Plaintiffs' claims are for discrimination on the basis of sex and retaliation for complaints of such discrimination, including termination, in violation of Title VII of the Civil Rights Act of 1964 and Oklahoma's Anti-Discrimination Act. Jurisdiction over the federal claims is vested in this Court under and 28 U.S.C. § 1331. The state law claims arise out of the same core of facts and jurisdiction over them is vested under 28 U.S.C. § 1367(c).

4.   Venue is provided by 42 U.S.C. § 2000e-5(f)(3) under which jurisdiction is appropriate in any district in the State. Plaintiffs reside within Lincoln County. Plaintiffs worked out of Payne County, Oklahoma, and the Defendant may be served

in that county. Payne County is located in the Western District of the United States District Court of Oklahoma. Wherefore, venue if proper in this court.

## STATEMENT OF FACTS

5.    Defendant employed fifteen (15) or more employees during each of at least twenty (20) weeks of the current or proceeding calendar year, and is a covered employer under Title VII. There is no minimum number of employees required to be covered by the OADA.

6.    Plaintiff Darrell Payne, an adult male, was employed by the Defendant from around August 2010 until his termination on or around February 5, 2015, as a foreman.

7.    During Plaintiff Darrell Payne's employment, there was only one female employee of the Defendant, Gwanda Squires, a secretary.

8.    Ms. Squires, during her employment, informed Plaintiff Darrell Payne that Stanley Watkins, the owner, told her (Ms. Squires) that she was only employed there due to the company's need for her husband, John Squires.

9.    Plaintiff Darrell Payne held the minimum educational, physical and experience requirements for his job, was qualified to perform his job and did so in a satisfactory manner.

10.   Plaintiff Darrell Payne received a performance evaluation in or around December 2014 which reflected satisfactory performance.

11.   On or around January 28, 2015, Tom Spencer, project manager, informed Plaintiff Darrell Payne that the company needed to hire around ten (10) additional laborers.

12.   Plaintiff Darrell Payne next stated "You should hire Leona [Plaintiff's wife]. I could use a second income." Mr. Spencer responded by laughing and that, "I'm not gonna fly that one [by the owners]."

13.   On or around January 29, 2015, Plaintiff Leona Payne applied for employment as a laborer with Defendant.

14. Plaintiff Leona Payne held the minimum educational, physical and experience requirements for the laborer position, and was qualified to perform such job.

15. On or around January 30, 2015, Plaintiff Darrell Payne followed up with Juan Vasquez, superintendent, to find out about the status of hiring Leona Payne, but was informed that Mr. Spencer would make such decision.

16. On or around February 3, 2015, Mr. Spencer called Plaintiff Darrell Payne accusing Leona Payne of applying for work in order to file a lawsuit. Mr. Payne opposed such statement, to which Mr. Spencer responded by informing Mr. Payne that he [Mr. Spencer] only hired "young men to train as blaster painters."

17. On or around February 5, 2015, at approximately 11:25 a.m., Plaintiff Leona Payne contacted Defendant through its office number requesting to speak to the hiring agent, but was informed he was not available.

18. Plaintiff Darrell Payne received a phone call around 4:00 p.m. requesting he go to the office.

19. When Plaintiff Darrell Payne arrived at Defendant's office, Mr. Spencer with Mr. Watkins terminated Mr. Payne's employment.

20. The purported reasons for termination were arguing, attitude, and neglect of duty.

21. Such reasons are false and pretextual in that Plaintiff Darrell Payne had not acted in such a manner, nor had Mr. Payne been disciplined prior to his termination.

22. Motivating factors for Plaintiff Darrell Payne's termination were his association with Leona Payne, female, and/or his opposition to Defendant's discrimination on the basis of sex.

23. Plaintiff Leona Payne was not hired by Defendant.

24. Upon information and belief, following the failure to hire Leona Payne, Defendant filled such laborer position(s) with male employees.

25. A motivating factor for the decision not to hire Plaintiff Leona Payne was her gender.

26. As a direct result of Defendant's actions Plaintiffs have suffered lost wages (including back, present and front pay along with the value of benefits associated with such wages), and dignitary harm/emotional distress type damages including stress, worry, and sadness.

27. Plaintiff Leona Payne has exhausted her administrative remedies by timely filing a charge of discrimination on March 17, 2015. The EEOC issued Plaintiff's right to sue letter for her charge on July 16, 2015, and Plaintiff received such letter thereafter. This complaint is timely filed within ninety days of Plaintiff's receipt of her right to sue letter.

28. Plaintiff Darrell Payne has exhausted his administrative remedies by timely filing a charge of discrimination on March 17, 2015. The EEOC issued Plaintiff's right to sue letter for his charge on July 16, 2015, and Plaintiff received such letter thereafter. This complaint is timely filed within ninety days of Plaintiff's receipt of his right to sue letter.

29. Discrimination based on gender and retaliation for complaining of the same are prohibited by Title VII and by the Oklahoma Anti-Discrimination Act.

30. Under Title VII and the OADA, Plaintiffs are entitled to compensation for all lost wages and benefits arising from the termination and failure to hire.

31. Under Title VII, the Plaintiffs are also entitled to recover damages for the dignitary harms suffered as a result of such termination.

32. Because the actions of the Defendants were willful, malicious or, at the least, in reckless disregard for Plaintiff's federally and state protected rights, Plaintiffs are entitled to an award of punitive damages under federal law, and an award of liquidated damages under Oklahoma law.

## **PRAYER**

Plaintiffs respectfully requests this Court enter judgment in their favor and against the

Defendant and grant them all compensatory damages suffered together with punitive damages, liquidated damages, attorneys' fees, costs and interest and such other legal and equitable relief as this Court deems just and proper.

**RESPECTFULLY SUBMITTED THIS 25<u>th</u> DAY OF SEPTEMBER, 2015.**

HAMMONS, GOWENS, HURST
& ASSOCIATES

s/ Leah M. Roper
Mark E. Hammons, OBA #3784
Amber L. Hurst, OBA # 21231
Leah M. Roper OBA # 32107
HAMMONS, GOWENS & ASSOCIATES
325 Dean A. McGee Avenue
Oklahoma City, Oklahoma 73102
Telephone:  (405) 235-6100
Facsimile:  (405) 235-6111
Leah@hammonslaw.com
*Counsel for Plaintiff*
JURY TRIAL DEMANDED
ATTORNEY'S LIEN CLAIMED